**In the Matter of Rudolph Adolph MATHEISEL, Appellant.**

**No. 5825.**

United States Court of Appeals First Circuit.

May 5, 1961.

Rudolph Adolph Matheisel, pro se.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of New Hampshire denying the plaintiff the relief for which he asked, i. e. issuance of a writ of habeas corpus.

The petitioner alleges at the outset of his application addressed to the court below for habeas corpus that he is being imprisoned and restrained of his liberty by the President of the United States and others, some named and some not, at 93 Park Street, Northfield, New Hampshire, which his letterheads seem to indicate to be either his home or his place of business. However, other allegations in the application, even though jumbled, confused and confusing, show beyond any doubt that the restraints he complains of are not physical but only that he is prevented from serving as an officer in the United States Army and that by a conspiracy between certain named army officers and others not named, he is being prevented from gaining profitable employment as a professional engineer by government contractors.

It being perfectly obvious that the applicant is not being held in any physical restraint by anyone but only that he is being subjected to some vaguely defined discrimination or to some sort of economic duress, it is clear that he has no remedy by way of habeas corpus. Wales v. Whitney, 1885, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277; Stallings v. Splain, 1920, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940.

Since he now tells us in an untitled document submitted to us, which we treat as a brief, that he is unable to comply with the notice sent to him by the clerk of this court on April 11, 1961, informing him that by April 21, 1961, he is required to file his statement of the parts of the record he proposes to reproduce in the record appendix to his brief, and since compliance with his request for the appointment of counsel in this court would serve no useful purpose whatever for the reason that it is clear beyond question for the reason stated herein, and also for others which might be mentioned, that he is not entitled to the relief he asks.

Judgment will be entered affirming the judgment of the District Court.