Gregory F. MILLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7431.

United States Court of Appeals Tenth Circuit.

Nov. 19, 1963.

Richard L. Bohanon, Oklahoma City, Okl., for appellant.

Joseph J. DeFrancesco, Office of The Judge Advocate General (Newell A. George, U. S. Atty., Benjamin E. Franklin, Asst. U. S. Atty., and Abraham Nemrow, Office of The Judge Advocate General, on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Petitioner, while an enlisted man in the United States Army, was convicted by a general court martial and brought habeas corpus to obtain relief from the sentence imposed. After the trial court had denied his petition, the Secretary of the Army remitted the unexecuted portion of his sentence and ordered his separation from the service with an undesirable discharge. The government has moved to dismiss on the ground that the case is moot.

■■ Habeas corpus will not issue unless the petitioner "is presently restrained of his liberty without warrant of law." See Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, 116, certiorari denied 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519. Petitioner argues that this rule does not require dismissal because he received an undesirable discharge and he is entitled to free himself of the stigma resulting therefrom.

"An undesirable discharge is an administrative separation from the service under conditions other than honorable." Army Regulations, Art. 635–200, para. (11) (a). Such discharge may be reviewed administratively by application to the Army Discharge Review Board established by the Secretary of the Army pursuant to 10 U.S.C. § 1553. Habeas corpus lies against a person having the petitioner in custody. See 28 U.S.C. § 2242; Jones v. Biddle, 8 Cir., 131 F.2d 853, 854, certiorari denied 318 U.S. 784, 63 S.Ct. 856, 87 L.Ed. 1152. After the petitioner is released from all restraint, the reason for the writ fails. This is not a case like Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, where the petitioner was on parole and subject to the restraints incident to that status. Objections to the form of discharge must be made in accordance with the established administrative procedure.

The motion to dismiss the appeal is granted.