**Robert L. BURNETT, Petitioner,**

v.

**Clarence T. GLADDEN, Warden of Oregon State Penitentiary, Respondent.**

Civ. No. 63–464.

United States District Court
D. Oregon.

March 26, 1964.

Jerard S. Weigler, Krause, Lindsay & Nahstoll, Portland, Or., for petitioner.

C. L. Marsters, Asst. Atty. Gen., Salem, Or., for respondent.

KILKENNY, District Judge.

Respondent asks that petitioner's petition for a writ of habeas corpus be dismissed on the ground that petitioner was not in custody at the time the Court's order required respondent to show cause why the writ should not issue.

The show cause order was dated October 9, 1963, and was served on respondent on October 14th. It required respondent to show cause within twenty days from the date of the service of the order. Petitioner received an unconditional discharge from the Oregon State Penitentiary on October 31st. In other words, the petitioner received his unconditional discharge some four days prior to the time when respondent was required to show cause. Petitioner, in his petition, charges that his Constitutional rights were denied in the proceedings in state court resulting in his conviction and sentence to the Oregon State Pen-

itentiary, from which he received said discharge.

Presented for decision is the question of whether the Court lost jurisdiction to proceed on the merits of the petition as a result of the unconditional discharge.

Although the facts are somewhat different, I feel that the decision in Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960) is controlling. There the petitioner filed his proceeding in the United States District Court for the Southern District of Texas. The District Court dismissed the proceedings and this action was affirmed by the Court of Appeals for the Fifth Circuit. Certiorari was granted by the United States Supreme Court. Before argument, the petitioner was unconditionally released from the state prison, having served his sentence with time off for good behavior. After a review of a number of cases the Court, in the Parker case, held that it is a condition to jurisdiction of an application for habeas corpus that the petitioner be in custody. The Court then went on to hold that, after the discharge, the question was moot and that the Court was without jurisdiction to pass on the merits of the petitioner's claim. The fact that Chief Justice Warren, Justice Black, Justice Douglas and Justice Brennan dissented is of no importance on the facts here presented. In Parker the writ had been issued before the petitioner was discharged. Mr. Chief Justice Warren was of the opinion that the issuance of the writ was sufficient and that all that remained to be done was to determine the form of relief that should have been given. Of course, the writ was not issued in this case and on the facts here presented, it would seem that the members of the Supreme Court would be unanimous in holding that jurisdiction is lacking. In Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), on which petitioner relies, the defendant was on parole, and thus in technical custody. The logic of Justice Black in that case has no application to the facts before me. Other cases cited by the parties have received my attention. They neither add to nor detract from the conclusions herein expressed.

Petitioner, at the time he was required to show cause, was not "in custody", a jurisdictional requirement under 28 U.S.C. § 2241(c) (1) and 28 U.S.C. § 2254.

On the petitioner's unconditional discharge all of his civil and political rights were restored. ORS[1] 137.240, 137.250. If petitioner is again convicted of a felony he would be subject to greater penalties.[2] The fact that petitioner may suffer greater penalties, if convicted of other felonies, in the future, does not supply the jurisdictional custodial requirement specified in said sections, as construed in Parker. Other remedies may be available, but not that of habeas corpus.

The petition must be denied.

It is so ordered.

---

1. Oregon Revised Statutes.

2. ORS 168.085 and ORS 167.050.