Londell BROWN and Warren E. Gilliam, Jr., Appellants,

v.

Major General K. L. REAVES, U. S. A. T. C. Commanding Officer, Fort Polk, Louisiana, Appellee.

No. 24678.

United States Court of Appeals Fifth Circuit.

Jan. 23, 1968.

M. Laughlin McDonald, Atlanta, Ga., for appellants.

Edward L. Shaheen, U. S. Atty., Q. L. Stewart, Asst. U. S. Atty., Shreveport, La., for appellee.

Before BROWN, Chief Judge, and FAHY * and DYER, Circuit Judges.

PER CURIAM:

On December 29, 1966 the district court denied appellants' petitions for writs of habeas corpus. On appeal each petitioner seeks release from the custody of the United States Army on grounds that because he was a conscientious objector his induction into the Army and his general court martial sentence [1] for refusing to obey a direct order to participate in combat training was in violation of his rights under the United States Constitution. During the review process Brown's sentence was reduced to a bad conduct discharge and confinement at hard labor for sixteen months, and Gilliam's sentence was modified to provide for a one year confinement at hard labor in addition to the bad conduct discharge. On July 14, 1967 the Secretary of the Army granted clemency to Brown and remitted the unexecuted portion of his confinement. Brown was released from the custody of the Army on July 27, 1967. Gilliam was discharged from the Army on August 7, 1967, and was released from custody on November 8, 1967.

These appeals must be dismissed as being moot since both appellants had been separated from service and released from custody before the case came to be heard before this court on November 14, 1967. Miller v. United States, 10 Cir. 1963, 324

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

[1]. Appellant Brown was sentenced to dishonorable discharge and three years at hard labor. Appellant Gilliam was sentenced to receive a bad conduct discharge and sixteen months at hard labor.

F.2d 730. Appellants' arguments that they remain "in custody" within the meaning of 28 U.S.C.A. § 2241 because they must carry the stigma of a felony conviction and because "in many states they will not be able to vote, sit on juries or run for public office" are without merit. Miller v. United States,[2] supra; United States ex rel. Rivera v. Reeves, S.D.N.Y.1965, 246 F.Supp. 599, 600–601.

The appeals are, therefore,

Dismissed.

---

**2.** Appellants are not left remediless. As in *Miller*, Brown may seek administrative review of his discharge by 10 U.S.C.A. § 1553. Both Gilliam and Brown may apply for correction of their military records under 10 U.S.C.A. § 1552.