**UNITED STATES of America ex rel. Odell WINFIELD, Petitioner,**

v.

**J. Leland CASCLES, Superintendent, Great Meadow Correctional Institution, Respondent.**

**No. 75 C 514.**

United States District Court, E. D. New York.

Sept. 25, 1975.

Supplemental Memorandum Oct. 6, 1975.

---

15. Transcript, January 6, 1972, p. 18.

16. 94 S.Ct., at 1873.

James J. McDonough, Legal Aid Society of Nassau County, Crim.Div., Mineola, N.Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City (Lillian Z. Zohen, New York City, of counsel), for respondent.

## MEMORANDUM ORDER

PLATT, District Judge.

By order to show cause and a petition, petitioner seeks a writ of habeas corpus to relieve himself of an allegedly illegal conviction imposed by the State of New York in violation of the United States Constitution.

Jurisdiction, which is not disputed, is obtained under 28 U.S.C. § 2241(a).

Petitioner, a citizen and resident of New York, is currently incarcerated in the Great Meadow Correctional Institution, Comstock, New York, in the custody and control of the respondent, the Warden of said institution. He was convicted after a jury trial of possessing

and selling narcotic drugs and was sentenced by the County Court (LaPera, J.) of Nassau County on various counts in the indictment to concurrent terms ranging between seven (7) and twenty-five (25) years.

On appeal to the Appellate Division, 2nd Department, petitioner argued, among other things, that the trial judge erroneously failed to charge the jury on the issue of identification and the judgment and conviction was affirmed but his sentence was modified to a fifteen (15) year maximum term. Leave to appeal to the Court of Appeals was denied by Chief Judge Charles D. Breitel on February 4, 1975.

Concededly petitioner's "major", if not only, defense at the trial was that the undercover police officers, who purchased cocaine at the Flagstone Bar in Hempstead, New York, and thereafter gave a description to a third officer who arrested the petitioner, were mistaken in their identification of the petitioner. Although petitioner admits that he was present in the Flagstone Bar at the time the alleged sale of cocaine took place, he claims he was not the person who made the sale.

In both opening and closing statements to the jury the petitioner's counsel focused the juries attention on the issue of the reliability of the police officers identification of the petitioner. Moreover, the testimony of the police officers on the subject appears to have been overwhelming. The third officer, William Cooper, for example, who made the arrest, testified that he had gone to high school with the petitioner and had known him for ten to fifteen years, that he saw him walk to the vicinity of a telephone booth to which area his two fellow officers went a few moments later to make their purchases and that the petitioner was the only person who would fit the descriptions given by the two fellow police officers as the person from whom they made their purchases. Both of the purchasing officers also positively identified the petitioner as the person from whom they made their purchases.

In the trial court's charge to the jury the County Court judge gave no specific instructions concerning the issue of identification. However, the court gave the jury an instruction with respect to their duty to determine the credibility of witnesses and with respect to the elements of the crimes charged and explained that in order to find the petitioner guilty, it must find that petitioner "knowingly and unlawfully sold to" the officers in question the narcotic drugs. In addition, the trial court gave standard instructions with respect to reasonable doubt, burden of proof, presumption of innocence, etc.

At the conclusion of the charge the petitioner's counsel raised several exceptions but did not request any further instructions with respect to the issue of identification.

Literally a minute or two before or at the same time as the court was informed that the jury had reached a verdict, counsel for the defendant said that "I feel that the court neglected to charge the jury on the question of identification and gave no criteria or outlines that the jury should look for when considering identification testimony given by all three officers". In reply, the Court said (and the record shows no interruption) "Well, the court has now been informed that the jury has reached a verdict. I feel that the charge to the jury was sufficient." As indicated above, the petitioner was found guilty of all four counts charged in the indictment.

■ The law is that absent a showing of gross error or a fundamentally unfair trial, habeas corpus will not lie to set aside a state court conviction on the basis of improper jury instructions. *Young v. State of Alabama,* 443 F.2d 854 (5th Cir. 1971) ; *United States ex rel. Mintzer v. Dros,* 403 F.2d 42 (2d Cir. 1968) ; *Poulson v. Turner,* 359 F.2d 588 (10th Cir.), *cert. denied,* 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136 (1966) ;

Galloway v. Burke, 297 F.Supp. 624 (E.D. Wis.1969); Auger v. Swenson, 302 F. Supp. 1131 (W.D.Mo.1969).

Although petitioner cites a number of cases from other Circuits, he seems to agree that the law in this Circuit on the question of a trial court's failure to give an instruction on identification is set forth in United States v. Evans, 484 F.2d 1178 (2d Cir. 1973).

To begin with, as the Attorney General correctly points out in his brief, the Evans case did not involve an application for a writ of habeas corpus and hence was not concerned with the question of a showing by a defendant of gross error or a fundamentally unfair trial. Evans involved a direct appeal from a federal judgment of conviction and was obviously decided on the question of whether the trial court had committed reversible error in failing to give an instruction on identification. As the Attorney General further states, the Court of Appeals in that case "did not purport to determine when the failure to charge identification might amount to a constitutional deprivation."

Moreover, petitioner concedes that the Court of Appeals in the Evans case "limited the need for a detailed charge on the fallibility of eye witness identification to cases where there was not a proper and complete charge on the burden of proof in criminal cases and on the credibility of witnesses." In addition, petitioner admits that the Evans case holds that "an identification charge could be excused by the scope and adequacy of defense counsel's summation and cross-examination."

It appears to be undisputed that throughout the trial defense counsel "vigorously and extensively cross-examined the police officers as to their ability to observe and identify defendant" and that he "devoted virtually his entire summation to the issue of identification and the factors which the jury had to consider in determining whether the officers had picked out the right man." (Resp's Br. p. 6).

In view of the latter and of the Court's instructions on credibility, burden of proof, reasonable doubt and presumption of innocence, and in view of the fact that defense counsel did not take exception to the Court's charge until the jury had reached a verdict, it seems clear that the petitioner has failed to show such gross error or a fundamentally unfair trial as would give rise to the issuance of a writ of habeas corpus in this case.

Accordingly, petitioner's application for a writ of habeas corpus must be and the same hereby is denied.

So ordered.

## SUPPLEMENTAL MEMORANDUM ORDER

On September 24, 1975, this Court denied petitioner's application for a writ of habeas corpus. Petitioner has now applied to this Court for a certificate of probable cause, pursuant to Title 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, to enable him to appeal that denial.

The issue before the Court on this application is whether there exists "probable cause" for an appeal. United States ex rel. LaMarca v. Denno, 257 F. 2d 295, 297 (2d Cir.), cert. denied, 355 U.S. 920, 78 S.Ct. 351, 2 L.Ed.2d 279 (1958). See also United States ex rel. Rivera v. Reeves, 246 F.Supp. 599, 601 (S.D.N.Y.1965). Congress' rationale in requiring state prisoners to obtain certificates of probable cause was to "eliminate the abuse of the writ of habeas corpus in the federal courts by the undue interference with state processes incident to protracted appellate proceedings in frivolous cases." Ex parte Farrell, 189 F.2d 540, 543 (1st Cir.), cert. denied, Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951). See also United States ex rel. Siegal v. Follette, 290 F.Supp. 636 (S.D.N.Y.1968). A certificate of probable cause, therefore, requires something more than a frivolous assertion. Some courts have said it re-

quires "[a] substantial question worthy of consideration." *United States ex rel. Stewart v. Ragen,* 231 F.2d 312 (7th Cir. 1956). Other courts have stated that there must be "federal questions adequate to deserve encouragement to proceed further." *United States ex rel. Jones v. Richmond,* 245 F.2d 234 (2d Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957). However, no matter which standard of "probable cause" is chosen, this Court finds no basis for granting the certificate.

Petitioner raises two issues in his request for a certificate: (1) the question of whether the state trial judge failed to "properly charge the jury on the issue of identification," therefore denying petitioner a fair trial, and (2) the serious "effect of *United States v. Evans,* 484 F.2d 1178 (2d Cir. 1973) on state habeas proceedings in view of differences of opinion in other circuits involving habeas proceedings where the issue of identification is reviewed."

In regard to petitioner's first contention, as is more fully set out in this Court's order denying petitioner's application for a writ of habeas corpus, the Court finds that the allegation that the failure of the trial judge to charge specifically on the issue of identification resulted in the denial of a fair trial, is foreclosed by the facts of petitioner's case and by controlling decisions in this circuit. See *United States v. Evans,* 484 F.2d 1178 (2d Cir. 1973); *United States v. Fernandez (I),* 456 F.2d 638 (2d Cir. 1972). See also *United States v. De Sisto,* 329 F.2d 929 (2d Cir.), *cert. denied,* 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).

■■■ Petitioner's second contention raises the question of an apparent disagreement between the circuit courts on the issue of whether a specific jury in-

struction on identification should be given when the prosecution relies on eyewitness testimony to establish the identity of the defendant as the criminal actor. It is clear that it is not within the province of this Court to resolve conflicts between the various circuit courts. The cases petitioner cites in support of his petition [1] all involve a direct appeal from a federal judgment of conviction and were therefore decided on the basis of whether the trial court had committed reversible error in failing to give a specific jury instruction on identification. However, in petitioner's case, the refusal to give the specific identification charge occurred in his state court trial. It is equally clear that the sole task before this Court regarding petitioner's application for a writ of habeas corpus, is to determine whether the alleged error is of such magnitude as to constitute a violation of petitioner's rights under the Constitution. The Court may entertain an application for a writ of habeas corpus only on the ground that petitioner's confinement violates the Constitution, Title 28 U.S.C. § 2254(a), and therefore it may not correct mere errors of state law.

■■■ In a state proceeding, a jury charge, or the failure to give a jury charge is normally a matter of state law and is not reviewable by this Court on a petition for habeas corpus absent a showing that the alleged error was so serious as to deprive petitioner of a federal constitutional right. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Schaefer v. Leone,* 443 F.2d 182 (2d Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 277, 30 L.Ed.2d 251 (1971); *Lee v. Henderson,* 342 F.Supp. 561 (W.D.N.Y.1972); *United States ex rel. Corby v. Conboy,* 337 F.Supp. 517 (S.D.N.Y. 1971). See also *Gryger v. Burke,* 334

1. *United States v. Holley,* 502 F.2d 273 (4th Cir. 1974); *United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552 (1972); *Gregory v. United States (II),* 133 U.S.App. D.C. 317, 410 F.2d 1016, *cert. denied,* 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119

(1969); *Macklin v. United States,* 133 U.S. App.D.C. 139, 409 F.2d 174 (1969); *United States v. Barber,* 442 F.2d 517 (3d Cir.), *cert. denied,* 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971).

U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).

The failure of the trial judge to charge the jury on the specific issue of identification, assuming *arguendo*, that it was in fact error, was not of such an egregious nature as to deprive petitioner of a fair trial. The Court, in reaching its opinion on petitioner's application for a writ of habeas corpus, examined the trial record against the alleged error and found no basis for any claim by petitioner that he was denied a fundamentally fair trial.

For the reasons stated in this Court's prior decision and because petitioner's contention that the failure to charge as requested is without substance, this Court cannot issue a certificate of probable cause.

So ordered.