UNITED STATES of America ex rel.
Harrison STEWART, Petitioner-
Appellant,

v.

Joseph E. RAGEN, Warden of the Illinois
State Penitentiary, Joliet Branch at
Joliet, Illinois, Respondent-Appellee.

United States Court of Appeals
Seventh Circuit.

March 20, 1956.

Harrison Stewart, pro se.

Latham Castle, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

PER CURIAM.

The petitioner, appearing *pro se*, lodged in the office of the Clerk of this Court, a motion for the issuance of a certificate of probable cause under Title 28 U.S.C. § 2253, and also, a motion for leave to appeal and otherwise proceed in *forma pauperis* under Title 28 U.S.C. § 1915. The Attorney General of Illinois, appearing for respondent, lodged a motion to dismiss. The petitioner, in turn, lodged a reply to which, as part thereof, was annexed a copy of petitioner's petition for writ of error to the Supreme Court of Illinois under the Illinois Post Conviction Hearing Act, Illinois Revised Statutes, Ch. 38, §§ 826–832.

The allowance of petitioner's motions depends on whether both or either of them present some substantial question worthy of consideration. Morris v.

Igoe, 7 Cir., 209 F.2d 108, 109; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107; Davis v. United States, 7 Cir., 214 F.2d 594, 596; Thomas v. Duffy, 9 Cir., 191 F.2d 360; Higgins v. Steele, 8 Cir., 195 F.2d 366, 369; Parsell v. United States of America, 5 Cir., 218 F.2d 232, 235–236. Such substantial question must bear material relation to the order of the District Court entered June 9, 1955 dismissing without hearing his petition for writ of habeas corpus filed in that court. In this connection it is to be noted that petitioner's application to the District Court for issuance of a certificate of probable cause for appeal was denied.

In his petition for writ of habeas corpus, petitioner alleged on several grounds that he was deprived of constitutional rights in the matter of his conviction on May 16, 1946 of the crime of rape in the Criminal Court of Cook County, Illinois. His trial was had before a judge of that Court without a jury. He was sentenced to life imprisonment, and ever since has been and now is, confined thereunder. An Assistant Public Defender was appointed to and did represent petitioner. Petitioner, being indigent, could not afford the transcript incident to appellate review.

According to his allegations in his motions and reply, petitioner instituted three proceedings attacking his conviction and sentence, two of which were proceedings under the Illinois Post Conviction Hearing Act, and the third a petition for writ of error on the common law record filed with the Supreme Court of Illinois.

Petitioner first proceeded under the Illinois Post Conviction Hearing Act by filing a petition with the Criminal Court of Cook County on December 20, 1949,— the Act having become effective the preceding August 4th. The Court sustained a motion to strike, and entered judgment of dismissal on June 1, 1951. The petitioner, as he admits, failed to petition for writ of error to the Supreme Court of Illinois to review such judgment within six months after its entry as provided in § 832 of the Illinois Post Conviction Hearing Act, with the result that such judgment became and ever since has been final.

Petitioner's next step was his petition for review on the common law record of the judgment of his conviction and sentence to the Supreme Court of Illinois. This petition was denied since the Court could find no error upon such record. People v. Stewart, 412 Ill. 106, 105 N.E. 2d 725.

Petitioner's third and final attack on the judgment of his conviction and sentence in the Courts of Illinois was the institution and prosecution early in 1952 of a proceeding in the Criminal Court of Cook County under the Illinois Post Conviction Hearing Act. The grounds for relief alleged were similar to those alleged in his first petition under the Act which had been dismissed, and from which judgment of dismissal he had failed to seek appellate review. This second petition was heard on March 27, 1953, and denied, because the matters set forth therein were *res judicata*. On petition for writ of error to the Supreme Court of Illinois this holding was affirmed, the Court pointing out that petitioner had failed to petition for writ of error in his previous proceeding. With respect to this ruling by the Supreme Court of Illinois, petitioner petitioned the United States Supreme Court for writ of certiorari, which was denied on January 10, 1955. Stewart v. People of State of Illinois, 348 U.S. 919, 75 S.Ct. 305, 99 L.Ed. 721.

In his petition for writ of habeas corpus filed in the District Court, the petitioner, in order to assert federal jurisdiction by exhaustion of State Court remedies, set forth the Post Conviction proceedings taken by him in the Courts of Illinois as above outlined. When the sufficiency of his petition for the writ was assailed from the jurisdictional standpoint on motion to dismiss, the District Court, with the facts before it, was obliged to take action as it did.

In his petition for habeas corpus, petitioner seeks to excuse his failure to exhaust his State Court remedies by reference to his lack of education, his failure to understand legal proceedings, and a prison rule prohibiting one inmate assisting another in preparing legal proceedings. Assuming the truth of such allegations, we do not think they enlarge his right to a federal habeas corpus. United States ex rel. Rheim v. Foster, 2 Cir., 175 F.2d 772, 773, certiorari denied Rheim v. Foster, 338 U.S. 857, 70 S.Ct. 97, 94 L.Ed. 525. The fact remains, the denial of his first petition under the Illinois Post Conviction Hearing Act stands unreversed and is final and conclusive. Petitioner, a prisoner under a State Court judgment, did not exhaust his State Court remedies, a condition precedent to federal jurisdiction. Title 28 U.S.C.A. § 2254; Brown v. Allen, 344 U.S. 443, 486–487, 73 S.Ct. 397, 437, 97 L.Ed. 469.

Federal jurisdiction being absent, there is no substantial question presented by petitioner. Therefore, his motions and each of them are denied.

Motions denied and appeal dismissed.