Clarence DYE, Petitioner,

v.

Beryl C. SACKS, Warden, Ohio State Penitentiary, State of Ohio, et al., Respondents.

Undocketed.

United States Court of Appeals
Sixth Circuit.

June 13, 1960.

Clarence Dye, pro se.

WEICK, Circuit Judge.

The District Court denied the petition for writ of habeas corpus and petitioner's application for a certificate of probable cause. He desires to appeal to this Court.

He has applied to this Court or to a Judge thereof for a certificate of probable cause, the granting of which is a condition precedent to his right of appeal. Title 28 U.S.C. § 2253.

Petitioner was tried and convicted of the offense of armed robbery by a jury on April 25, 1956 in the Court of Common Pleas of Summit County, Ohio. He was sentenced to an indeterminate term of from 10 to 25 years in the Ohio State Penitentiary, where he is now confined.

His conviction was affirmed by the Court of Appeals for the Ninth Judicial District of Ohio on May 16, 1957. The Supreme Court of Ohio denied his motion for leave to appeal. It dismissed his appeal filed as of right on December 18, 1957 on the ground that no debatable constitutional question was involved. State of Ohio v. Dye, 167 Ohio St. 176, 146 N.E.2d 604. Certiorari was denied by the Supreme Court of the United States on October 13, 1958. Dye v. State of Ohio, 358 U.S. 45, 79 S.Ct. 37, 3 L.Ed. 2d 44.

In all of the state court proceedings Dye was represented by counsel of his own choosing. He represented himself in the Supreme Court of the United States.

Thereafter he filed a petition for a writ of habeas corpus in the court of Common Pleas of Franklin County which was denied. He filed another petition for a writ of habeas corpus in the Court of Appeals for the Tenth Judicial District of Ohio which was denied. He filed his third habeas corpus petition as an original action in the Supreme Court of Ohio which was denied on November 25, 1959. In re Dye, 170 Ohio St. 97, 162 N.E.2d 520. His fourth habeas corpus action was filed in the United States District Court for the Southern District of Ohio, Eastern Division, which was denied. He seeks to appeal to this Court from the order of the District Court denying the writ.

In this Court, he has tendered a brief containing 38 typewritten pages. He has also submitted a record which has attached to it, among other things, the

briefs filed by him in the Supreme Court of Ohio in the original appeal from his conviction including a portion of the bill of exceptions and opinion of the Court of Appeals, a printed jurisdictional statement filed by him in the Supreme Court of the United States, the records and briefs filed in the habeas corpus case in the Supreme Court of Ohio, indictment and extradition papers, all of which constitutes a rather bulky document.

In his brief, petitioner complains of alleged errors which took place in his trial in the Common Pleas Court. He claims that the verdict of the jury was not supported by sufficient evidence; that the trial court erred in his admission of evidence; that the court erred in his instructions to the jury; that the prosecuting attorney was guilty of misconduct; that the court erred in permitting an amendment to the indictment and that his attorney should not have consented thereto; that R.C. of Ohio §§ 2941.28 and 2941.29 are unconstitutional in violation of Article 1, § 10 of the Constitution of Ohio and the Fifth and Tenth Amendments to the Constitution of the United States.

All of these points except possibly the questions concerning the amendment of the indictment and the constitutionality of the statutes were raised in the criminal trial in the state court and the subsequent appeals and decided adversely to petitioner. They all could have been presented there and no reason has been given why they were not.

The Court of Appeals for the Ninth Judicial District of Ohio analyzed the evidence in its opinion. Judge Hunsicker of that court pointed out that the offense was committed on July 29, 1946 and that Dye was not apprehended until August, 1955 when he was arrested in Milwaukee, Wisconsin. At that time he was using an assumed name and had dyed his hair.

At the time of the offense he was living in a two room apartment in his sister's home with a woman who used the name Mary Dye. Dye was a friend of Orris Gaines, a robber who was shot and killed in another robbery occurring on July 30,

1946. Gaines was identified as one of the two robbers who perpetrated the offense for which Dye was convicted.

Some of the coin wrapped money belonging to the victim and bearing its mark was found in Dye's apartment on July 31st on the second day the apartment was searched by the police. The police had been directed to the Dye apartment by the wife of Gaines. When the police first arrived at the Dye apartment on July 30th, Dye and the woman known as Mary Dye had left saying they were going to Kentucky. Dye went to Parkersburg, West Virginia, to New York, to Baltimore, and to several western states.

Dye testified about seeing a wounded man who was brought to his home in an automobile in the early morning of July 30, 1946, who, Dye said, could have been Gaines. He saw some money fall from the automobile when he opened the door. It was in a brown paper bag. There was testimony that the robbers left the scene carrying two brown paper bags. The Court of Appeals held that although the evidence against Dye was entirely circumstantial, it was sufficient to support his conviction; that while flight from the scene of the robbery does not raise a presumption of guilt, it may be considered by the jury together with the other facts in evidence in determining whether there was a guilty connection with the crime charged. State v. Ross, 92 Ohio App. 29, 108 N.E.2d 77.

■ It is not the function of a habeas corpus proceeding in the District Court to afford a procedure for the retrial of the issues of a criminal case previously litigated and determined in the state courts, nor can it be used as a substitute for appeal. Sunal v. Large, 332 U.S. 174, 177, 179, 67 S.Ct. 1588, 91 L.Ed. 1982; United States v. Hayman, 342 U.S. 205, 219; Chapman v. United States, 6 Cir., 247 F. 2d 879, 880; Plummer v. State of Ohio, 6 Cir., 195 F.2d 521. Here, petitioner not only had a trial by jury and was represented by counsel of his choice, but he exhausted the entire appellate procedure of the state including certiorari in the United States Supreme Court.

There was no invasion of petitioner's constitutional rights in the amendment to the indictment which was ordered by the Common Pleas Court. Counsel for petitioner, in open court, withdrew his objection thereto as the trial judge indicated he would grant a continuance if he objected. The amendment did not change the nature of the offense charged which was armed robbery. All the amendment did was to correct a misdescription of the victim's name. It related to a matter of form and not of substance.

This amendment was authorized by statute (R.C. § 2941.30) and previous decision of the Supreme Court of Ohio. In re Stewart, 156 Ohio St. 521, 103 N.E.2d 551. The statute was held constitutional in Breing v. State of Ohio, 124 Ohio St. 39, 176 N.E. 674. R.C. § 2945.83 provides:

> "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
>
> "(A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him."

Cf. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

The charge in the indictment adequately informed the petitioner of the nature and cause of the accusation against him.

The Supreme Court of Ohio in disposing of petitioner's third habeas corpus proceeding said:

The trial court had jurisdiction of the person of the petitioner and of the offense with which he was charged. Petitioner had and exercised the adequate remedy of appeal (appeal dismissed, 167 Ohio St. 176, 146 N.E.2d 604, certiorari denied 358 U.S. 45, 79 S.Ct. 37, 3 L.Ed.2d 44) from the judgment of conviction to review alleged errors and cannot now have another review by a proceeding in habeas corpus. Chapman v. Alvis, 1959, 169 Ohio St. 359, 159 N.E.2d 453; 170 Ohio St. 97, 162 N.E.2d 520.

There being no substantial federal question in this case, the application for a certificate of probable cause is denied.