Charles W. LARCH, Petitioner-Appellant,

v.

B. C. SACKS, Warden, Ohio State Penitentiary, et al., Respondents-Appellees.

United States Court of Appeals
Sixth Circuit.
May 29, 1961.

WEICK, Circuit Judge.

Appellant has applied for a certificate of probable cause and for leave to appeal in forma pauperis. The District Judge denied him leave to proceed in forma pauperis, in a habeas corpus proceeding, on the ground that he did not state facts sufficient to entitle him to such relief. The District Judge also denied his applications for a certificate of probable cause and for leave to appeal in forma pauperis.

Appellant was convicted in the Court of Common Pleas of Summit County, Ohio on two count indictment charging him in the first count with unlawfully and forcibly raping or ravishing his daughter, and the second count with the crime of incest. He was sentenced to life imprisonment on the count charging rape and from 1 to 10 years on the incest count.

It does not appear from the papers submitted that appellant ever appealed from his conviction to the state court of appeals or the Supreme Court of Ohio although this remedy was available to him. He has, however, filed habeas corpus proceedings in the State Courts including the Supreme Court of Ohio, which were denied.

In his habeas corpus proceeding filed in the District Court appellant attacked the validity of the indictment and his sentence. In my judgment, the indictment sufficiently apprised him of the nature of the offenses and was valid.

Appellant complains about the life sentence on count one and asserts it was unauthorized by the statute. The Ohio statute (G.C. § 12,413) provided for imprisonment "in the penitentiary during life." This means life imprisonment.

Appellant further complains that he was charged in the indictment with two separate offenses although he claims that he committed only a single offense. Both counts state the date of the offenses as December 19, 1952. Thus it would appear from the indictment that two offenses were alleged to have been committed on the same day. In the absence of a transcript of evidence this Court cannot indulge in the assumption that only one offense was committed. If the evidence at the trial was sufficient to establish only one offense, appellant could have obtained a review of his conviction by appeal.

In any event, the sentence on the second count of the indictment was for a lesser time than that imposed on the first count. Even if the sentence on the second count had been erroneously imposed, appellant could not complain because he is still serving his sentence for life on the first count. This was a valid

sentence. In my judgment, there is no basis for the appeal.

The applications for a certificate of probable cause and for leave to proceed in forma pauperis are denied.