**Alfred PLAYER, Appellant,**

v.

**William F. STEINER, Warden, Maryland House of Correction, Appellee.**

**No. 8376.**

United States Court of Appeals
Fourth Circuit.

June 6, 1961.

Alfred Player pro se.

No appearance for appellee.

SOBELOFF, Chief Judge.

Alfred Player, a prisoner in the Maryland House of Correction, seeks to appeal from the District Court's dismissal without a hearing of his petition for a writ of habeas corpus. The District Court, while granting leave to appeal in forma pauperis, denied the required certificate of probable cause. The question now before the court is whether probable cause exists for the issuance of the certificate. Burgess v. Warden, 4 Cir., 1960, 284 F.2d 486.

The present petition is the second one filed in the District Court by Player. The first was dismissed because of failure to exhaust state remedies, and this court dismissed the appeal. Player v. Steiner, 4 Cir., 1960, 284 F.2d 306. In its opinion dismissing Player's present petition, the District Court held that Player has now exhausted his state remedies. The court apparently rested its dismissal on two grounds: First, the

1

petitioner failed to appeal from his original trial in the state court and because of this cannot now proceed by habeas corpus in the federal courts, even after exhausting post-conviction remedies in the state courts; second, Player has had full consideration of all of his contentions by the Maryland courts.

 Player alleges that on May 5, 1959, he was convicted in the Circuit Court for Montgomery County, Maryland, on an indictment charging housebreaking, and was sentenced to the House of Correction for four years. In the papers Player has filed, he excused his failure to appeal by alleging that he lacked the requisite knowledge to initiate an appeal, that he directed his attorney to file an appeal but the attorney neglected to do so, and that the Warden of the Montgomery County jail refused to permit him to contact another attorney. In the face of such allegations, the failure to appeal can furnish a federal court no basis for dismissing the petition without a hearing, regardless of whether the state courts would consider the petitioner's allegations in a collateral proceeding. Moreover, it does not appear that the petitioner has ever been given a hearing on the truth of his allegations by a state court. Thus, the rule that a federal court need not grant a hearing on the facts if satisfied that the state process has fairly considered them and reached a satisfactory conclusion has no application here. Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536, 542–543; Bolling v. Smyth, 4 Cir., 1960, 281 F.2d 192; Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798, 802.

However, while not agreeing with the District Court's reasons for the dismissal, I am of the opinion that no probable cause exists here for an appeal. Although he professes in his petition to be bringing himself within the doctrine that a conviction upon *no* evidence is a denial of due process, see Thompson v. City of Louisville, 1960, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d

654, Player is essentially attacking the *sufficiency* of the evidence at his state trial for housebreaking. In his petition, he lists the various elements of the crime of housebreaking and argues that there was no evidence to show that the entry into the building was by "breaking." He alleges nothing with respect to the evidence bearing on any of the other elements of the crime. An absence of evidence proving one of the elements of a crime which is made up of several elements is not the same as a conviction on absolutely no evidence at all. Player's allegations merely concern an issue of state criminal law and are insufficient to raise a substantial constitutional question. See: Morrison v. Smyth, 4 Cir., 1960, 273 F.2d 544; Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798.

The certificate of probable cause will not be issued, and the appeal is therefore dismissed.