**Lige MARTIN, Petitioner,**

v.

**C. Murray HENDERSON, Warden, Respondent.**

**Civ. A. No. 2169.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 26, 1967.

On Application to Appeal in Forma Pauperis Jan. 18, 1968.

David W. McMakin, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner Mr. Martin claims that he is being unlawfully detained by the state of Tennessee in its penitentiary at Nashville, Tennessee by the respondent warden, in violation of rights guaranteed him by the federal Constitution. His application for the federal writ of habeas corpus was transferred here from the United States District Court for the Middle District of Tennessee, 28 U.S.C. § 2241.

Mr. Martin was convicted in the Circuit Court of Cocke County, Tennessee on May 17, 1966 on his plea of guilty to an indictment charging him with larceny from the person of another and sentenced to serve from three to seven years in the state prison. He applied for the state writ of habeas corpus which was denied, after transfer from the Circuit Court of Davidson County, Tennessee, by the Circuit Court of Cocke County. He exhibited with his instant petition here a purported copy of the opinion of November 13, 1967 of the Tennessee Supreme Court, affirming the decision therein of the lower court. He does not allege that he sought certiorari therefrom by the Supreme Court of the United States.[1]

The petitioner makes the same claim herein of the denial of his constitutional rights as were rejected by the ostensible opinion of the Tennessee Supreme Court, *viz.*: (a) that he was given no preliminary hearing, (b) that he was not furnished with a copy of the warrant under the authority of which the was arrested, and (c) that the statute under which he was indicted and convicted was enacted by a malapportioned General Assembly of Tennessee. The only question for consideration now presented by the petitioner to this Court is whether he was deprived of his right to due process of law under the Fourteenth Amendment to the Constitution of the United States of America.

■ (a) The petitioner claims that he was arrested and incarcerated on Saturday, April 9, 1966 and held in jail until he was released on bail bond on April 18, 1966; that he was never advised of his right to the assistance of counsel, never told why he had been arrested and was being held, until the date of his release, never given a preliminary hearing and never advised of his constitutional rights. That the petitioner was never given a " * * * preliminary hearing deprived [him] of no constitutional right because such a hearing is not a critical part of a criminal proceeding under Tennessee law. Kimbro v. Heer, 364 F.2d 116 (6 Cir. 1966), vacated on other grounds, 386 U.S. 128, 87 S. Ct. 902, 17 L.Ed.2d 778. This case can be distinguished from White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), in which the Supreme Court held a Maryland preliminary hearing to be a critical stage * *." Waddy v. Heer, C.A. 6th (1967), 383 F.2d 789, 793. The petitioner was represented by retained counsel on his trial in the state criminal court at the time he entered his voluntary plea of guilty to the indictment returned against him, and nothing which had gone on previously could be construed as self-incriminatory. It is not contended by the petitioner that any statement

---

1. Because of the disposition hereof, the Court pretermits the question of whether a petitioner for the state writ of habeas corpus has exhausted the remedies available to him in the courts of Tennessee without having taken this procedural step. 28 U.S.C. § 2254.

made by him was used against him when he pleaded guilty or that any confession or admission was obtained from him by the arresting officers, cf. Kimbro v. Heer, supra, 364 F.2d at 117[1]; so the *Miranda* and *Escobeda* opinions he cites are inapposite, even if he were wrongfully held for nine days without being charged.

■■ (b) The petitioner further asserts that there was an illegal search of his place of business and an unlawful seizure of his pistol, and that he was deprived of his constitutional right to face his accusers. The petitioner could not have been prejudiced in any manner by these alleged infringements, because he pleaded guilty to the indictment returned against him. " * * * A plea of guilty * * * is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court [had] nothing to do but give judgment and sentence. * * * " Kercheval v. United States (1927), 274 U.S. 220, 221, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012.

■■ (c) There is not merit to the petitioner's argument concerning the pertinent statute's having been enacted by a malapportioned legislature. " * * * The * * * ruling * * * that a legislature, though elected under an unfair apportionment scheme, is nonetheless a legislature empowered to act (* * * cf. Kidd v. McCanless, 200 Tenn. 273, 292 S.W.2d 40) is plainly correct. * * * ." Baker v. Carr (1962), 369 U.S. 186, 250, 82 S.Ct. 691, 727, 7 L.Ed.2d 663, 705, fn. 5 (headnote 34).

It appearing to the Court that, upon the face of this petition, and assuming that the petitioner could and would establish by a preponderance of the proof on an evidentiary hearing all that he alleges therein, he is not entitled to the federal writ of habeas corpus. Accordingly, his petition hereby is

Denied, Walker v. Johnston (1941), 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830, 834 (headnote 1).

## On Application to Appeal in Forma Pauperis

The final order of this Court on the petition of Lige Martin for the federal writ of habeas corpus, arising out of a detention, of which the petitioner complained, on process issued by a state court, was entered on December 26, 1967. Mr. Martin lodged a motion on January 3, 1968, seeking permission of this Court to appeal from such final order in forma pauperis.

■ " * * * An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court, unless the * * * judge who rendered the order or a circuit justice or [circuit] judge issues a certificate of probable cause. * * * " 28 U.S.C. § 2253. The record and application herein disclosing that Mr. Martin's petition is entirely devoid of merit, see Memorandum Opinion and Order of this Court of December 26, 1967, this Court will not issue any certificate of probable cause herein. Cf. Burgess v. Warden, Maryland House of Correction, C.A. 4th (1960), 284 F.2d 486, 488 [2], and Minntole v. Johnston, C.C.A. 9th (1945), 147 F.2d 944, 945 [3], certiorari denied (1945), 324 U.S. 831, 65 S.Ct. 1018, 89 L.Ed. 1397.

For the reasons stated hereinabove, this Court certifies that the appeal sought herein is not taken in good faith, 28 U.S.C. § 1915(a), in the sense that it must be rested by the petitioner on grounds which are " * * * plainly frivolous. * * * " Cf. Poe v. Gladden, C.A. 9th (1961), 287 F.2d 249, 251 [6].

■ The declination of this Court to grant the requisite certificate of probable cause and its denial of the petitioner's application to take an appeal herein in forma pauperis is without prejudice to the petitioner's right to make application to the United States Court of Appeals for the Sixth Circuit, Cincinnati, Ohio 45202, or one of the judges of that

court,[1] or to the circuit justice for said Sixth Circuit,[2] for such certification, 28 U.S.C. § 2253, and to the aforenamed Court of Appeals for authorization to appeal in forma pauperis. Any court of the United States may authorize an appeal in any action or proceeding, civil or criminal, without prepayment of fees and costs or the giving of security therefor, by a person who makes affidavit

"that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the * * appeal and affiant's belief that he is entitled to redress. * * * "

28 U.S.C. § 1915(a).

The application of the petitioner Lige Martin to appeal in forma pauperis herein hereby is

Denied.

---

1. E. g., Honorable Harry Phillips, Circuit Judge, United States Court of Appeals for the Sixth Circuit, United States Courthouse, Nashville, Tennessee 37203.

2. Honorable Potter Stewart, Associate Justice, United States Supreme Court, Washington, D. C. 20544.