Harold **MATZNER**, Petitioner,

v.

Frank **DAVENPORT**, Sheriff of the State
of New Jersey for Passaic County,
Respondent.

Civ. No. 682–68.

United States District Court
D. New Jersey.

July 24, 1968.

Joseph T. Afflitto, Wayne, N. J., for petitioner.

## MEMORANDUM AND ORDER

SHAW, District Judge.

Petitioner alleges that he has been indicted in two cases for murder in the first degree and is awaiting trial on the indictments in the Superior Court of New Jersey, Passaic County. He states that he has been wrongfully induced to forego his constitutional right to a speedy trial and it may be inferred from his further allegations that he urges that the prosecution does not have sufficient credible evidence to obtain a conviction.

It seems clear that the present petition is an outgrowth of a prior application to this Court in Civil No. 434–68 and a decision of the New Jersey Supreme Court in State v. Kavanaugh, et als, 52 N.J. 7, 243 A.2d 225 (1968). The matter in issue in the prior proceedings was the propriety of the State court's revocation of permission to petitioner's counsel, F. Lee Bailey, Esq., a Massachusetts attorney, to represent petitioner in the trial of the indictments previously scheduled for the latter part of May or early part of June, 1968. Subsequent to the order denying this attorney the privilege of representing petitioner in the New Jersey State court, the trial date was adjourned to September 12, 1968, which,

among other things, afforded petitioner the opportunity to obtain other counsel.

▮ Petitioner styles his application filed in this Court as a Petition for a Writ of Habeas Corpus, but it seems on the facts alleged and the nature of the relief sought that he seeks not only an order of this Court providing for unconditional release from custody [1] pending trial, but also the termination or restraint of any continued prosecution of criminal proceedings now pending in the Superior Court of New Jersey.

If petitioner may be lawfully subjected to prosecution on the above mentioned indictments, argument that he is entitled to unconditional release from all custody and restraint pending trial is totally without merit. Accordingly, the basic question presented is whether prosecution of the indictments violates any federally secured constitutional right. Petitioner argues that the State has forfeited its right to prosecute on the grounds that he has been denied a speedy trial, and, further, that there was an agreement or "contract" with the prosecution whereby the indictments were to be dismissed.

▮▮ It has been established that the right to a speedy trial applies to the States through the due process clause of the Fourteenth Amendment to the federal constitution. Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 11 (1967). But mere delay, in and of itself, of the disposition of a criminal indictment does not provide a ground to invoke the due process clause of the Fourteenth Amendment. The delay must, before habeas corpus relief is available, be purposeful and oppressive and *ipso facto* so unjustified and unreasonable that the right to a fair trial in accordance with the due process clause of the Fourteenth Amendment has been jeopardized.

▮ The delay in the prosecution of indictments in this case cannot be considered unreasonable under the circumstances. Except for Mr. Bailey's conduct which warranted revocation of prior permission to him to practice in a New Jersey State court, there seems to be no question about the fact that trial would have been held during the latter part of May or the early part of June, 1968. The naked allegation that petitioner is being denied his constitutional right to a speedy trial is not sufficient to support a finding that the delay indicated will operate to prejudice his right to a fair trial. It is true that where the delay is so substantial as to impair the right to a fair trial it can be considered *prima facie* prejudicial, but such is not the case here on any facts asserted by petitioner. He rests this aspect of his case on a forecast of delay of a few months which the Court finds was occasioned by the conduct of his own attorney. Moreover, the petition for a writ of habeas corpus grounded on the argument that there has been undue delay in bringing the indictments on for trial which will cause prejudice to petitioner is premature. The court in the case of United States ex rel. Lowry v. Case, 283 F.Supp. 744 (E.D.Pa.1968),

---

[1]. 28 U.S.C. § 2241(c) (3) provides in pertinent part that the district court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws * * * of the United States." Petitioner has been released from *physical* custody on bond, but this would not preclude relief by writ of habeas corpus if it were shown that there were any restraint upon personal liberty in violation of a federally secured constitutional right.

"History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S. 236, at page 240, 83 S.Ct. 372, at page 376, 9 L.Ed.2d 285 (1963). "While petitioner has been released in the custody of his attorney, and such release frees him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom. This is enough to constitute 'custody.'" Foster v. Gilbert, 264 F.Supp. 209 at page 212 (S.D.Fla.1967).

involving a similar contention to that advanced here stated:

In the light of the requirement of prejudice, it is apparent to me that besides being defective, the petition is premature. I have found no case in which federal habeas was invoked for failure of a speedy state trial *in advance of the trial*. This is hardly surprising, for it may well be that the defendant would be acquitted at trial. Or it may be that even if convicted, relator would be unable to demonstrate that he was unfairly prejudiced by the delay. (Emphasis supplied)

The court in *Lowry* went on to state that exposure of a defendant to a trial is not a ground to invoke the due process clause stating that, "The core question is the fairness of his trial."

█ Petitioner anticipates that he will not have a fair trial in the State court. This assumption cannot be entertained. State courts, as well as federal, are charged with recognition of rights of defendants secured by the Constitution of the United States and are just as competent as a federal court to give full effect to those rights. It cannot be presumed that they will not do so.

█ The argument of petitioner that he is entitled to an order of this Court terminating or restraining any further State court proceedings because of an alleged agreement or so-called "contract" which his counsel is alleged to have entered upon with two special prosecutors appointed by the State is also without merit. Parenthetically, it should be noted that petitioner urges this in conjunction with his argument that he was denied the right to a speedy trial, alleging that this so-called agreement induced him to consent to an adjournment of an April trial date. The argument is also interwoven with the suggestion that it had been developed in pursuance of such agreement that the State did not have evidence sufficient to support a conviction. It does not appear in the present petition nor was there any evidence developed upon hearing in Civil No. 434–68

that the State court judge assigned to preside at the trial of the indictments in question participated in any such agreement or understanding, whatever the same may have been. Moreover, it does not appear under the rules of practice of the courts of the State of New Jersey that any prosecutor has the right to give assurance that a grand jury indictment will be dismissed. He may move for dismissal pursuant to R.R. 3:-11–3 and upon such motion it "may be ordered" by the judge that the indictment be dismissed. Aside from this, however, it seems that if there were meritorious grounds for dismissal of the indictments, nothing which the Court can find in the rules governing practice in the New Jersey State courts would have precluded petitioner, by his counsel, from making appropriate application to the State court. He chose instead to appeal to the Executive and Legislative branches of the government with foreseeable resultant publicity that could accomplish nothing more than prejudice to a fair trial. It was noted in the earlier opinion of this Court in Civil No. 434–68 that, "Effective administration of justice means not only a fair trial for a defendant, but also a fair trial for the State." Due process, as contemplated by the Fourteenth Amendment to the Constitution is not a one-way street

█ Finally, it may be observed that even if there were any merit to such claim for relief as petitioner seeks by way of order of this Court terminating or restraining State prosecution, there is absence of jurisdiction to grant it. 28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

There have been recognized exceptions to the application of this statute as illustrated by Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22

(1965). But even in that case Justice Brennan, speaking for the United States Supreme Court, made the observation:

> In Ex parte Young, 209 U.S. 123, [28 S.Ct. 441, 52 L.Ed. 714] the fountainhead of federal injunctions against state prosecutions, the Court characterized the power and its proper exercise in broad terms: it would be justified where state officers "* * * threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution * * *." 209 U.S., at 156. Since that decision, however, considerations of federalism have tempered the exercise of equitable power, for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings. In Douglas v. City of Jeannette, 319 U.S. 157, [63 S.Ct. 877, 87 L.Ed. 1324] for example, the Court upheld a district court's refusal to enjoin application of a city ordinance to religious solicitation, even though the ordinance was that very day held unconstitutional as so applied on review of a criminal conviction under it. Id. at 483–485, 85 S.Ct. at 1119.

A comprehensive discussion of the matter of interference by a federal court with a State criminal prosecution is set forth in Duncombe v. State of New York, 267 F.Supp. 103 (S.D.N.Y.1967). See also Harv.L.Rev. Vol. 74, pp. 726–729.

We do not have a situation here where the indictments are founded upon an unconstitutional statute or one where pending indictments constitute a continuing threat to the *exercise* of federally secured constitutional rights of petitioner or others who may come within a class analogous to that of petitioner.

■ Petitioner requests a hearing to present proofs in support of the allegations of this petition. This would serve no useful purpose. The apparent object of a hearing is to present proofs to demonstrate what petitioner believes to be the sufficiency of the evidence that *may* be adduced by the State in support of the indictments. Such a pretrial view of a State court criminal proceeding in a federal court would indeed be most novel. If such practice were countenanced, the interference with the orderly administration of justice in the State courts would not only be intolerable under our system of federalism, but so disruptive that it would destroy all remaining principles of comity now existing between the State and Federal judicial systems.

Opportunity was afforded to petitioner's counsel, Mr. Bailey, to produce witnesses in Civil No. 434–68, but only for a very limited purpose. He was permitted, at his request, to adduce testimony in support of his explanation of the extenuating circumstances which he contended prompted him to resort to the unorthodox and unprofessional behavior of appeal to the Legislative and Executive branches of the government on the merits of a pending State criminal prosecution. It was also the expressed[2] opinion of this Court that the evidence was received so that there would be a complete record of the facts bearing upon Mr. Bailey's explanation of his conduct for such consideration of relevancy and probative value as a New Jersey appellate court might deem appropriate.

■ The petition will be dismissed and an application for a certificate of probable cause for purposes of appeal will be denied on the ground that this Court cannot conceive of any meritorious ground for appeal.

2. Transcript of hearing on May 7, 1968.

Now, therefore, it is on this 24th day of July, 1968, ordered that the petition of petitioner filed herein be and the same hereby is dismissed with prejudice and without costs.