See also D.C., 290 F.Supp. 632.

The **UNITED STATES** of America ex rel. Herbert S. SIEGAL, Esq., Petitioner, for and on behalf of Gerald Hartley, for a Writ of Habeas Corpus, etc.,

v.

Harold W. **FOLLETTE**, as Warden of Greenhaven State Prison, County of Dutchess, State of New York, et al., Respondents.

The **UNITED STATES** of America ex rel. Herbert S. SIEGAL, Esq., Petitioner, for and on behalf of Harold Munger, for a Writ of Habeas Corpus, etc.,

v.

Daniel McMANN, as Warden of Clinton State Prison, Dannemora, County of Clinton, State of New York, et al., Respondents.

Nos. 68–Civ. 3060, 68–Civ. 3059.

United States District Court
S. D. New York.

Sept. 25, 1968.

Michael H. Rauch, Asst. Atty. Gen. of State of New York, New York City, for respondents.

Herbert S. Siegal, New York City, for petitioners Harold Munger and Gerald Hartley.

## MEMORANDUM

CROAKE, District Judge.

Petitioners have applied to this court for certificates of probable cause to en-able them to appeal the denial of their petitions for writs of habeas corpus to the Court of Appeals.

■ Congress has required state prisoners appealing denials of federal habeas corpus to obtain certificates of probable cause [1] in order to eliminate frivolous appeals.[2] A certificate is therefore issued only if there is a substantial question of law for the court of appeals to review.[3] There is no substantial question in this case.

■ In the memorandum supporting their application for certificates of probable cause, petitioners reiterate their contentions that leave to appeal somehow constitutes a certificate of reasonable doubt, and that the Eighth Amendment provides a right to bail on appeal. These arguments, for the reasons previously given, are devoid of merit; the cases [4] cited in support of the Eighth Amendment argument are inapposite. Where, as here, a state prisoner has not exhausted available state remedies or did not show a violation of a federally-protected right, no question for appellate review is presented.[5] Petitioners' Four-

1. 28 U.S.C. § 2253.

2. Ex parte Farrell, 189 F.2d 540, 543 (1st Cir.), cert. den., Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951).

3. The test for issuing the certificate has been stated in various ways: "appeal would surely be futile," Ex parte Farrell, 189 F.2d 540, 543 (1st Cir. 1951); "not plainly frivolous," Poe v. Gladden, 287 F.2d 249, 251 (9th Cir. 1961); "devoid of merit," Burgess v. Warden, Maryland House of Correction, 284 F.2d 486, 488 (4th Cir. 1960), cert. den., 365 U.S. 837, 81 S.Ct. 753, 5 L.Ed.2d 746 (1961); "substantial question," Thomas v. Duffy, 191 F.2d 360, 362 (9th Cir. 1951); "no substantial showing of denial of any federal right," Harris v. Ellis, 204 F.2d 685, 686 (5th Cir. 1953); "federal questions adequate to deserve encouragement to proceed further," United States ex rel. Jones v. Richmond, 245 F.2d 234 (2d Cir.), cert.

den., 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed. 2d 56 (1957).

4. Leigh v. United States, 82 S.Ct. 994, 8 L.Ed.2d 269 (1962); Cohen v. United States, 82 S.Ct. 8, 7 L.Ed.2d 13 (1961); Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (1960); Ward v. United States, 76 S.Ct. 1063, 1 L.Ed.2d 25 (1952); Hudson v. Parker, 156 U.S. 277, 285, 15 S.Ct. 450, 39 L.Ed. 424 (1894); United States v. Motlow, 10 F.2d 657 (Butler, Circuit Justice, 7 Cir. 1926); United States ex rel. Smith v. Prasse, 277 F.Supp. 391 (E.D.Pa.1967).

5. United States ex rel. Rogers v. Stanley, 294 F.2d 772 (2d Cir. 1961) and cases cited there; United States ex rel. La-Marca v. Denno, 258 F.2d 515 (2d Cir. 1958); United States ex rel. Stewart v. Ragen, 231 F.2d 312, 314 (7th Cir. 1956); People of State of New York ex rel. Epps v. Nenna, 214 F.Supp. 102, 105 (S.D.N.Y.1963) and cases cited there.

teenth Amendment argument is recast to emphasize the absence of any evidence before the chief judge that petitioners were "bad risks." His decision, they say, was therefore arbitrary.

■ "Risk" is a factor to consider on a motion for bail. It is not, however, relevant to issuance of certificates of reasonable doubt,[6] and that, as discussed in our prior decision, was the question before the chief judge. His failure to receive evidence of "bad risk" in refusing to issue certificates was not error, let alone a violation of due process.

■■ If refusal to issue certificates of reasonable doubt is construed as a denial of bail, there is still no substantial question for appellate review. If New York law required that defendants be found "bad risks" before bail could be denied and the chief judge, knowing of the requirement,[7] failed to receive the evidence, then his decision may have been arbitrary. But New York law is contrary. The Code of Criminal Procedure does not require that a judge consider any specific facts on a motion for bail; it rather permits him to grant or deny bail in his discretion after weighing the facts he considers significant.[8] Moreover, since petitioners had been sentenced to 10 to 20 years for narcotics violations and bribery, the chief judge had ample reason to deny bail and absent a showing of some positive fact of bias or unfairness, his decision cannot be called arbitrary.

For the reasons stated in our prior decision and because petitioners' contention that the refusal to grant certificates of reasonable doubt or to take bail was arbitrary is without substance, this court cannot issue certificates of probable cause.

So ordered.

---

6. N.Y. Code of Crim.Proc. § 528 (McKinney 1958).

7. As distinguished from erroneously misinterpreting or misapplying the law.

---

8. N.Y. Code of Crim.Proc. § 555 (McKinney 1967 Supp.).