UNITED STATES of America ex rel.
Herbert JONES, Jr.

v.

Alfred T. RUNDLE, Supt.

Civ. A. No. 70–2522.

United States District Court,
E. D. Pennsylvania.

June 24, 1971.

Herbert Jones, Jr., pro se.

Stewart Greenleaf, Asst. Dist. Atty., Montgomery County, for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator has petitioned this Court to issue a writ of habeas corpus, alleging that his sentences were excessive and his guilty plea entered into unknowingly and unwillingly. For the reasons set forth in the opinion we deny the petition.

Unfortunately, there was a substantial delay in the determination of this case because relator asserted that he had been convicted of violating 18 P.S. § 4898, Fraudulent Use of Credit Cards, the relevant subsection of which provides punishment according to the value of the article (s) taken in violation of the act. Rather than respond to this assertion, the Commonwealth replied to a number of other issues in a vague manner, and it was only after repeated orders by this Court that the Commonwealth, through the District Attorney of Montgomery County, replied that relator had been convicted of violating 18 P.S. § 4836, Cheating by Fraudulent Pretenses, which does not differentiate between goods of different degrees

of value. It is clear that relator's sentence of two to five years is proper, as the limit of the section is a sentence not exceeding five years and/or a fine of five thousand dollars. (Relator was sentenced to pay the costs of prosecution for each of the three offenses to which he pled guilty.)

Relator also pled guilty to 18 P.S. § 5107, Attempts to Commit Crime, which provides, in relevant part, that should a defendant be found guilty:

"only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted * * * but is guilty of an attempt to commit the same.

"Thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment."

Having pled guilty to a separate, unsuccessful attempt to obtain goods in violation of 18 P.S. § 4836, the sentence of the state court that he serve two to five years is within the statutory limit of five years for the substantive offense.

Finally, with regard to the illegality of his sentences, relator was convicted of violating 35 P.S. § 780–20, The Drug, Device and Cosmetic Act, subsection (c) of which provides in relevant part that:

"[a]ny person who possesses *any* narcotic drugs in violation of the provisions of this act shall be guilty of a felony. * * * " (Emphasis supplied)

Relator contends that the quantities of heroin found on his person were so slight that no actual measurement was made, and that the requirements of the law as to quantity were not met.

Past statutes required a minimum (not present here), and the present statute is not specific as to quantitative requirements. Unfortunately, the state Supreme Court has not seen fit to construe the relevant statute as to what specific quantity, if any, is necessary for conviction. In deciding an appeal based on a quantity argument, the intermediate appellate court for this state construed section 2 of the Anti-Narcotics Act of 1917, 35 P.S. § 852, repealed by Public Law 1664, § 31, September 26, 1961, to be a prohibitory amendment, with the burden of proving any exemption to the act resting with the defendant. Commonwealth v. Aikens, 179 Pa. Super. 501, 118 A.2d 205 (1955).

The present statute provides that:

"[i]n any prosecution under this act, it shall not be necessary to negative any of the exemptions of this act in any complaint, information or indictment. The burden of proving any exemption under this act shall be upon the defendant." 35 P.S. § 780–22.

It is neither the function nor the right of this Court to review state statutes in habeas corpus proceedings absent a claim of denial of substantive due process. While this Court is convinced of the thoroughness of its own research, we are equally convinced that the precise state of the law in Pennsylvania with regard to quantitative possession is unclear. Therefore, while we feel, based on the present state of the cases as interpreted by the state Superior Court, that relator is guilty of the offense charged, we find his claim to be other than frivolous, and will so certify it for appeal.

The final ground upon which relator bases his claim for relief is ineffective assistance of counsel, in that he entered his pleas of guilty to all of the aforementioned charges unknowingly, unwillingly and unintelligently, after receiving improper advice from counsel.

United States of America ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970), held that a plea entered by a counseled defendant has a presumption of validity which sustains it against collateral attack. The advice of counsel to plead guilty in the instant case was wise indeed. Relator was caught in the act of making the fraudulent purchase, and had in his possession at the time of his arrest the paraphernalia of a drug ad-

dict. The level of competency required in this district is found in Moore v. United States, 432 F.2d 730 (3rd Cir. 1970), where the court established a test of normal competency. Where, as here, an experienced public defender advises his client, caught in the act of committing one crime, and in the possession of the paraphernalia of a second, to throw himself on the mercy of the court, the client is well-advised by his counsel.

We note also that a lengthy on the record interrogation of the relator was conducted, during which he stated time and again that he understood the procedure for entering a guilty plea, that he entered the court at the time of arraignment with the intention of entering such a plea, and that he fully understood the nature of his act and the consequences that might follow from it.

It is unnecessary to belabor the point, except to note that our thorough reading of the transcript reveals that relator's actions were at all times done knowingly, at his own will, and with a full and intelligent understanding of their nature.