Antonio **VERA**

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections.

Civ. A. No. 71-C-19.

United States District Court, S. D. Texas, Corpus Christi Division.

Aug. 30, 1971.

Guy Allison, Corpus Christi, Tex., for petitioner.

Robert C. Flower, Chief, Enforcement Div., Crawford C. Martin, Atty. Gen. of Texas, and Guy C. Fisher, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

Petitioner's application for a writ of habeas corpus was denied on May 24, 1971. Now, Petitioner's motion for issuance of a certificate of probable cause, pursuant to 28 U.S.C. § 2253, and his motion for leave to proceed in forma pauperis are before this Court. In order to clarify the reasons for the Court's previous action and that taken today, an expanded discussion of the facts of this case is appropriate.

Petitioner was convicted in separate trials on separate indictments of assault with intent to murder in the 105th Judicial District Court, Nueces County, Texas. He was sentenced to a term of twenty (20) years in each case, and at the time of sentencing in the second case tried, the Court ordered the sentences to be served consecutively. After exhausting his state remedies, Antonio Vera then petitioned this Court for a writ of habeas corpus on three grounds: (1) that his confession was involuntary; (2) that sentences imposed after separate convictions were improperly cumulated; and (3) that Petitioner's Mexican-American ethnic origin prejudiced his cause. Those grounds were rejected by the Honorable Woodrow Seals on June 5, 1969, and by the Court of Appeals in Vera v. Beto, 422 F.2d 1052 (5 Cir., 1970).

After the denial of that writ by the Court of Appeals, Petitioner again asked this Court for a writ, and in this last petition he alleged as grounds: (1) that he had been denied counsel during interrogation; (2) that he had had inadequate representation by counsel at trial and on appeal; (3) that his confession had been involuntary; and (4) that he has been, and is still being, denied court documents, i. e., a statement of facts, upon which to base future collateral attacks of his conviction. The above grounds (1) and (3) were previously considered and rejected by the Court of Appeals in Vera v. Beto, supra, so this District Court was concerned only with grounds (2) and (4) which pertained to adequacy of Petitioner's counsel and the request for court documents. Petitioner's request for court documents, without more, was insuffi-

cient. Cowan v. United States, 445 F.2d 855 (5 Cir., 1971).

Thus, the only claimed abuse remaining for consideration was Petitioner's contention of inadequate counsel. This Court reviewed the state court and the prior Federal court habeas corpus proceedings, and was of the opinion that inadequacy of counsel was vigorously asserted by Petitioner before the Texas Court of Criminal Appeals, Vera v. State, 423 S.W.2d 585, and in subsequent state court habeas corpus proceedings, all prior to the filing by Petitioner of his first habeas corpus petition before this Court. Petitioner failed to raise the issue of adequacy of counsel in such petition. He did raise it in this second application for writ of habeas corpus in Federal court. However, this Court was of the opinion, under Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962), that Petitioner had waived the ground. But, even if no waiver was involved, a Federal redetermination is not automatic. Leventhal v. Gavin (1 Cir.) 421 F.2d 270 (1970). Petitioner has certainly failed to allege any fact or conclusion in his application which remotely indicates the existence of one or more of the circumstances provided for in 28 U.S.C., § 2254(d). Consequently, this second attempt to rehash already disposed of issues was denied.

While the Court has a duty to resolve doubts concerning these motions, the issuance of a certificate of probable cause is not a matter of right. See Jones v. Warden, Louisiana State Penitentiary, 402 F.2d 776 (5 Cir., 1968). Where the appeal is without substantial merit, that certificate and motion to proceed in forma pauperis may be denied. Larch v. Sacks, 290 F.2d 548 (6 Cir., 1961); United States ex rel. Siegal v. Follette, 290 F.Supp. 636 (S.D.N.Y., 1968). Also, as here, where the same grounds have been rejected in a previous Federal habeas corpus application, that certificate and motion may be denied. Anderson v. Heinze, 258 F.2d 479 (9 Cir., 1958). Here, the grounds raised no longer present substantial questions worthy of further consideration.

Therefore, it is ordered, adjudged and decreed that Petitioner's motions for certificate of probable cause and leave to proceed in forma pauperis are hereby denied.