**Charles ALEXANDER, Appellant,**

v.

**David HARRIS, as Superintendent of Green Haven Correctional Facility, Appellee.**

**No. 509, Docket 78–2036.**

United States Court of Appeals, Second Circuit.

Argued Jan. 10, 1979.

Decided March 1, 1979.

Herbert S. Siegal, New York City, for appellant.

Tyrone Mark Powell, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for appellee.

Before FRIENDLY, SMITH and OAKES, Circuit Judges.

PER CURIAM:

Appellant was convicted on April 12, 1976 of criminal sale of a controlled substance in the first degree in violation of N.Y. Penal Law § 220.43 (McKinney Supp.1978) after a jury trial before Justice Drohan in the New York Supreme Court, Bronx County. The Appellate Division, First Department, unanimously affirmed the judgment of conviction without opinion. *People v. Alexander*, 56 A.D.2d 740, 391 N.Y.S.2d 936 (1st Dep't. 1977). The Court of Appeals of the State of New York denied appellant leave to appeal (Order of April 21, 1977), and the United States Supreme Court denied certiorari. *Alexander v. New York*, 434 U.S. 836, 98 S.Ct. 125, 54 L.Ed.2d 98 (1977).

Appellant then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising two of the grounds upon which he had appealed to the Appellate Division of the New York Supreme Court and in spite of which that court affirmed his conviction. Appellant argued that the New Jersey county prosecutor's delegation of authority to a police detective to apply for renewal of a wiretap order and the subsequent disclosure of the intercepted communications by the New Jersey police to the New York authorities violated the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2516(2). Judge Gerard L. Goettel of the United States District Court for the Southern District of New York dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases [1] without requiring the respondent to

---

1.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

     The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems

answer, *Alexander v. Harris*, No. 78 Civ. 572 (GLG) (S.D.N.Y. Feb. 28, 1978) (opinion). Judge Goettel subsequently granted appellant's application for a certificate of probable cause to appeal. *Alexander v. Harris*, 78 Civ. 572 (GLG) (S.D.N.Y. March 31, 1978) (endorsement).

■ On appeal to this court, appellant again argues that the delegation of authority and the use of the intercepted communications violated 18 U.S.C. § 2516(2). We disagree.

In *United States v. Manfredi*, 488 F.2d 588, 601 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974), this court rejected the position that "application for the wiretap orders must be made by the district attorney in person appearing before the judge." In *Manfredi*, we extended *United States v. Tortorello*, 480 F.2d 764, 777–78 (2d Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed.2d 86 (1973), insofar as it construed a New York state law requiring personal appearance of the person seeking the warrant. Here there is no such requirement under the New Jersey statute. The prosecutor himself may apply for a warrant or he may authorize in writing applications by investigative personnel. N.J.Stat.Ann. 2A–156A–8 (West 1971). In accordance with 18 U.S.C. § 2516(2) the prosecutor did just this, *i. e.*, authorized the detective to seek an extension order. The prosecutor's personal appearance was not required. *See* S.Rep.No.1097, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S. Code Cong. & Admin. News, pp. 2112, 2187. Although some of the language of *United States v. Giordano*, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), might be read to point in appellant's favor, that case dealt with federal applications and approval thereof under 18 U.S.C. § 2516(1). Here "the principal prosecuting attorney of [a] political subdivision [of State]," *viz.* Essex County, did approve the application for an extension.

appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

In light of our disposition of the case, we need not address the question whether the alleged violation of the statute is cognizable in habeas corpus in the absence of a constitutional violation, *cf. Hill v. United States*, 368 U.S. 424, 428–29, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (motion by federal prisoner under 28 U.S.C. § 2255), or whether to the extent that petitioner's claim for relief is based upon a search and seizure in violation of the Fourth Amendment, the matter is not cognizable in habeas corpus under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

We also do not rely on the State's argument on appeal that the district court should not have issued a certificate of probable cause to appeal after it acted under the third sentence of Rule 4 of the Rules Governing Section 2254 Cases, note 1 *supra*, and dismissed a habeas petition without requiring an answer because "it plainly appear[ed] from the face of the petition and any exhibits annexed to it that petitioner [was] not entitled to relief." In the absence of any required pleading by the State in the district court, the State argues, it responds to the petition for the first time in the court of appeals and is thus unfairly limited in the determination of the facts to the record that the petitioner has submitted; in addition, the State loses its right to have the district court rule on the issues and arguments raised there. Judge Goettel indicated that he was granting the certificate because of "the absence of any clear-cut standard" for when the district court should issue a certificate of probable cause to appeal, that is, "for evaluating how much merit an appeal should have." [2]

The State submits that this Court should provide some guidance on this issue to the district courts. We agree because the issue is bound to arise again and, so far as our research discloses, this Court has not directly passed on the question. Indeed, it appears that we have never said anything

2. *Alexander v. Harris*, No. 78 Civ. 572 (GLG) (S.D.N.Y. March 31, 1978) (endorsement).

more specific than to deny a certificate of probable cause to appeal because there was some question whether the petitioner had exhausted his state remedies and "[i]n any event . . . he [did not make] a showing of federal questions adequate to deserve encouragement to proceed further." *Jones v. Richmond,* 245 F.2d 234, (2d Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957).

The only Supreme Court precedent clearly on point is a Memorandum of Justice Harlan on an application for a certificate of probable cause and stay of execution in *Rosoto v. Warden,* 83 S.Ct. 1788, 11 L.Ed.2d 15 (1963). Justice Harlan denied the application because of the absence of any "substantial constitutional question." *Id.* at 1789, 11 L.Ed.2d at 16. The lower federal courts have variously articulated the standard for issuance of a certificate of probable cause to appeal. *See. e. g., Gardner v. Pogue,* 558 F.2d 548 (9th Cir. 1977) (substantial question; question of some substance); *Madison v. Tahash,* 359 F.2d 60 (8th Cir. 1966) (application for certificate denied where there was nothing in the record to indicate that the petitioner was deprived of any constitutional right); *Player v. Steiner,* 292 F.2d 1 (4th Cir. 1961) (substantial constitutional question), *cert. denied,* 368 U.S. 959, 82 S.Ct. 404, 7 L.Ed.2d 390 (1962); *Larch v. Sacks,* 290 F.2d 548 (6th Cir. 1961) (certificate denied where there was no basis for appeal); *Burgess v. Maryland,* 284 F.2d 486 (4th Cir. 1960) (certificate denied where record and application disclose that petition is entirely devoid of merit), *cert. denied,* 365 U.S. 837, 81 S.Ct. 753, 5 L.Ed.2d 746 (1961); *Dye v. Sacks,* 279 F.2d 834 (6th Cir. 1960) (substantial federal question); *McCoy v. Tucker,* 259 F.2d 714 (4th Cir. 1958) (sufficient likelihood of merit in the case); *Stewart v. Ragen,* 231 F.2d 312 (7th Cir. 1956) (substantial question worthy of consideration); *Ex Parte Farrell,* 189 F.2d 540 (1st Cir.) (district court should not hesitate to deny application for certificate where constitutional point was unsubstantial or clearly without merit or where writ was discharged after issuance pursuant to findings of fact), *cert. denied,* 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951); *Dillingham v. Wainwright,* 422 F.Supp. 259 (S.D.Fla.1976) (no certificate in frivolous case with no rational argument on the law or facts), *aff'd* 555 F.2d 1389 (5th Cir. 1977); *Winfield v. Cascles,* 403 F.Supp. 956 (E.D.N.Y.1975) (something more than a frivolous assertion; no certificate where contentions were without substance); *Vera v. Beto,* 332 F.Supp. 1197 (S.D.Tex.1971) (no certificate where appeal was without substantial merit); *Jones v. Rundle,* 329 F.Supp. 381 (E.D.Pa.1971) (certificate issued for claim other than frivolous); *Siegel v. Follette,* 290 F.Supp. 636 (S.D.N.Y.1968) (requirement of certificate intended to eliminate frivolous appeals; certificate would not issue where there was no substantial question for appellate review); *Martin v. Henderson,* 289 F.Supp. 411 (E.D.Tenn.1968) (no certificate where petition was entirely devoid of merit); *Matzner v. Davenport,* 288 F.Supp. 636 (D.N.J.1968) (no certificate where court cannot conceive of any meritorious ground for appeal), *aff'd per curiam,* 410 F.2d 1376 (3rd Cir. 1969), *cert. denied,* 396 U.S. 1015, 90 S.Ct. 570, 24 L.Ed.2d 506 (1970); *United States v. Reeves,* 246 F.Supp. 599 (S.D.N.Y. 1965) (something more than a frivolous assertion even though there may be no substantial difference of opinion under 28 U.S.C. § 1292(b)). *See also Strode v. Mississippi,* 456 F.2d 1295 (5th Cir. 1972) (certificate should not issue without regard to the merits of the petition); R. Sokol, Federal Habeas Corpus 139 & n. 403 (1969) (certificate should issue unless petition is plainly frivolous); Blackmun, Allowance of In Forma Pauperis Appeals in Section 2255 and Habeas Corpus Cases, 43 F.R.D. 343, 352 (1967) (something more than the absence of frivolity).

We agree with Justice, then Judge, Blackmun that "[i]f there is a difference in these expressions [we] suspect that it is of no significance. . . . Certainly, if a matter is frivolous, it is clearly without probable cause. Thus, the cases which speak of frivolity . . . would arrive at the same conclusion on a more substantive standard." *Id.* Accordingly, we hold that

the standard of probable cause to appeal requires the district court to find that the petition is not frivolous and that it presents some question deserving appellate review. We thus believe that it will be the rare case in which the district judge issues the certificate of probable cause to appeal after he dismisses the petition under the third sentence of Rule 4, note 1, *supra*. Indeed, a finding of probable cause to appeal would seem to be inconsistent with a summary dismissal which itself means that the petitioner's allegations were "palpably incredible," *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), or "patently frivolous or false," *Herman v. Claudy*, 350 U.S. 116, 119, 76 S.Ct. 223, 100 L.Ed. 126 (1956). *See Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977).

■ In this case, Judge Goettel found that the issue that the petitioner raised was "not frivolous, although the answer appears relatively certain." [3] If this was his assessment, summary dismissal was inappropriate. On appeal, however, we have reached the merits of appellant's claim and found it unavailing. Because we affirm the denial of relief, our adjudication on the merits has not prejudiced the State. In the future, we would not expect a district judge to issue a certificate of probable cause to appeal after a summary dismissal. If the petitioner's claims are frivolous and summary dismissal is appropriate, a certificate of probable cause is not; if the claims are not frivolous, summary dismissal is not appropriate.

Judgment affirmed.

FRIENDLY, Circuit Judge, concurring:
I concur in the result.