**UNITED STATES of America ex rel. Melvin SMITH**

v.

**Arthur T. PRASSE, Commissioner, Bureau of Correction.**

Misc. No. 3635.

United States District Court
E. D. Pennsylvania.

Dec. 14, 1967.

**392**

Neil Leibman, Philadelphia, Pa., for petitioner.

Charles A. Haddad, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator, in his habeas corpus petition, asks us to set bail while he appeals his state court conviction. The state courts have refused his request for bail.

 Habeas corpus relief is only available where one has been deprived of a constitutional right. Relator claims

that the state courts' denial of his request for bail violated his rights under the Eighth Amendment. This contention raises two separate questions. Does the Eighth Amendment's proscription against "excessive bail" apply to the states, and, if so, does it proscribe excessive bail pending appeal from a conviction or is it limited to the pretrial stage?

·Assuming, without deciding, that the Eighth Amendment does apply to the states and that it has effect after conviction,[1] relator is still not entitled to relief.

 The right contained in the Eighth Amendment, although fundamental, is not absolute. States can still provide that those accused of certain offenses are not entitled to bail and for those offenses where bail is allowed the judge has discretion in this regard. " * * * The proscription is only that the state (speaking through the legislature) and the trial court must act reasonably and not arbitrarily or discriminatorily." Wansley v. Wilkerson, 263 F.Supp. 54, 57 (D.C.Va., 1967).

 We do not find the state courts' denial of bail to be arbitrary. Here, relator's conviction resulted from a crime of violence. Thus, the state courts might well have concluded that relator's release would jeopardize the safety of the community. Also, there is no showing that the questions on appeal are substantial. From the above circumstances we can not say that the denial of bail was arbitrary and therefore violative of the Eighth Amendment.

The petition for writ of habeas corpus will be denied.

It is so ordered.

1. We also must assume that the proscription against "excessive bail" is also a proscription against "no bail." See United States v. Motlow, 7 Cir., 10 F. 2d 657, 659 (Butler, Circuit Justice, 1926).