UNITED STATES of America ex rel.
Jerry Joseph CARTER

v.

COMMONWEALTH OF PENN-
SYLVANIA.

Civ. A. No. 71–665.

United States District Court,
E. D. Pennsylvania.

Aug. 13, 1971.

D. Patrick Zimmerman, Public De-
fender, Lancaster County, Lancaster, Pa.,
for petitioner.

Michael H. Ranck, Lancaster, Pa., for
respondent.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Petitioner seeks discharge from state custody by a writ of habeas corpus. He has been held in jail since August 13, 1970, awaiting trial on charges of burglary of an Esso station and stealing approximately $30 from the cigarette vending machine in the station. The offense is charged to have occurred during the night of August 12–13, 1970. Trial had been fixed for January 13, 1971. By reason of a motion to suppress having been filed, instead of the trial commencing on January 13, 1971, a hearing was held and testimony taken on the motion to suppress and the trial was indefinitely postponed. So far as this Court has been advised, the motion to suppress is still pending awaiting judicial decision; no trial date has been fixed; and petitioner has remained in jail for a full year awaiting trial.

█ Petitioner alleges that he attempted to file in state court a petition for a writ of habeas corpus which the state court refused to permit to be filed. The records submitted by the state authorities tend to confirm this allegation. Under these circumstances, although theoretically petitioner could either appeal or possibly file an original petition for a writ of habeas corpus with a state appellate court, there appears to be no prompt, adequate or effective state court remedy available. The state has not challenged the jurisdiction of this Court and under all of the circumstances of the case, I find that this Court has jurisdiction.

A petition for a writ of habeas corpus was filed with this Court on November 30, 1970, alleging unconstitutional delays in the prosecution of the case (C.A. 70–3511). On January 8, 1971, relying heavily on the fact that the state alleged that the trial of the case was then scheduled for January 13, 1971, I dismissed the petition without prejudice to the right to reapply should there be further delay. Under the circumstances then existing, I was concerned with not interfering or aborting the state trial on the merits in compliance with the decision of United States of America ex rel. Waldron, Jr. v. Lennox, 244 F.Supp. 239, 243–244 (E.D.Pa.1965); citing Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L. Ed. 748 (1897). These cases indicate that while federal courts have jurisdiction, the appropriate procedure, in the absence of some particular urgency, is to abstain from asserting jurisdiction until after there is a final state court adjudication.

On March 22, 1971, the petitioner filed a second petition for a writ of habeas corpus alleging failure of the state to hold a speedy trial. Petitioner further alleged that he applied for release on nominal bail but that such release was refused and he continues to remain in jail. A rule to show cause was issued on this second petition for writ of habeas corpus. The district attorney's answer to the rule averred that the transcript of the pretrial hearings held on January 13, 1971, would be available by about April 20, 1971, and that thereafter the motion could be promptly argued; thus indicating that the trial would be reached within a reasonably short period of time. However, as of this date, the pretrial motion, although apparently argued before the Court in June of this year, still remains undecided. The district attorney has indicated that he is and remains ready to try the case. There is no contention that an overcrowded trial calendar makes scheduling difficult or is the cause for any delay. Thus, the long delay appears to be caused solely by failure of the Court to decide the pretrial motion to suppress.

██ It is well settled that the Sixth Amendment standards governing the right to a speedy trial are binding upon the states by the Fourteenth Amendment "due process clause". Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The problem is to determine when there is so great a delay as to infringe the constitutional right to a speedy trial. The Supreme Court

held in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), that the requirement for a speedy trial was, in hard reality, the need to have charges promptly exposed in order to afford the accused the opportunity of meeting the charges while the case is fresh. *Id.* at 37, 90 S.Ct. 1564. Each case should be determined on its own facts to ascertain whether there is any valid reason for the delay and the extent of probable prejudice by the delay. If there is a long delay occurring without valid reason and merely for the convenience of the state, and if prejudice thereby occurs to defendant, there is infringement of the constitutional right to a speedy trial. *Id.* at 37–38, 90 S.Ct. 1564. In the *Dickey* case, a conviction was reversed because petitioner while serving a federal sentence was refused his request to be tried on a charge in a Florida state court that had been pending for seven years. In United States ex rel. Krenkowitz v. Rundle, 317 F.Supp. 1378 (E.D. Pa.1970), the court, relying on the *Dickey* case, issued a writ of habeas corpus where there was a delay of four years.

■ In the present case, holding petitioner in custody for a full year solely because of this indictment and pending trial is a far more serious infringement of his rights than the mere delay in being tried. So far as the record discloses, the delay could continue indefinitely into the future. Although there may be no absolute right to discharge on bail pending trial—See United States ex rel. Smith v. Prasse, 277 F.Supp. 391 (E.D. Pa.1967)—the right to a speedy trial embodies as an essential corollary the right that an accused not be detained in custody for an unreasonably long time pending trial. Greater prejudice could hardly be envisioned than an unnecessary and an unreasonably long detention prior to trial, especially should the ultimate trial result in an acquittal. The holding of an accused in custody for an excessive period of time prior to trial, could effectively thwart the very right to trial itself by coercing guilty pleas and the surrender of legal defenses for the sole purpose of expediting the release of an accused from custody.

■ Although some delay was inevitably caused by petitioner's filing a pretrial motion to suppress evidence, such motion will not permit a state to delay trial beyond such time as would be reasonably necessary for an adequate consideration of the motion by the Court. Long delays should not be permitted because they discourage accused persons from raising appropriate defenses by way of pretrial motions.

■ I can find no justification for further extensive delay in bringing petitioner to trial, thereby violating his constitutionally guaranteed right to a speedy trial. I do so most reluctantly as pretrial intervention in state court proceedings by federal courts should be exercised with the greatest caution and only in cases where it is essential to protect the constitutional rights of an accused from being infringed. Although petitioner is entitled to relief, the relief granted at this time should not be so precipitous as to thwart the administration of justice. If and when petitioner is brought to trial, the issue of whether the prosecution can proceed by reason of prejudice caused to petitioner due to failure to hold a speedy trial may still be raised and appropriately determined through normal state court procedures. Presently, my concern is with the continuing detention of the petitioner. I will, therefore, direct that unless the state commences the trial of petitioner on the pending charges within forty-five (45) days of the date of this order, petitioner shall be discharged on a writ of habeas corpus.