V. Florence ALLEN, on behalf of her husband, William H. Allen, Petitioner,

v.

Charles H. REARDON, as he is the Acting Sheriff of Essex County House of Correction, et al., Respondents.

Civ. A. No. 78–2530–C.

United States District Court, D. Massachusetts.

Oct. 4, 1978.

---

James A. Murphy, Salem, Mass., for petitioner.

No appearance was filed on behalf of respondents.

## OPINION

CAFFREY, Chief Judge.

In April, 1975 the individual members of the Board of Health of the Town of Essex, Massachusetts filed a complaint in Massachusetts Superior Court seeking an injunction against William H. Allen, alleging that he was maintaining a dump without authorization by the Board of Health, in violation of M.G.L.A. c. 111 § 150A. The sole issue in that case was whether the defendant's land was a dumping ground for refuse.

On January 13, 1978 Judge Perocchi, of the Lawrence District Court, temporarily sitting on the Superior Court pursuant to M.G.L.A. c. 212 § 14B, found that Allen's activities were in violation of the statute and issued a restraining order against him. Under the terms of the order, Allen was directed to remove the refuse from his property and refrain from dumping additional waste thereon.

On May 17, 1978 Allen's motion for a new trial was denied and on June 3 Judge Linscott, finding that Allen had failed to comply with the January 13 court order, found him in contempt. Allen was given until July 6 to comply with the original order without incurring any penalty. Judge Lin-

scott's order provided that after July 6 a continued failure to comply therewith would result in a $500 per day fine.

On August 3 Allen was sentenced to 30 days in the House of Correction for continued failure to comply. On August 8, after serving five days, he entered into a stipulation with the members of the Board of Health under the terms of which his sentence was suspended. The stipulation was approved by Judge Adams. However, on September 6, 1978, when it was decided that Allen had still failed to comply with the January 13 order, he was ordered committed.

Allen filed a petition in the Supreme Judicial Court of Massachusetts for free, complete and prompt certain remedy, including, but not limited to, an application for late appeal.

On September 15, 1978 the Supreme Judicial Court transferred the petition to the Appeals Court pursuant to M.G.L.A. c. 211 § 4A.

On September 21 the motion was denied and William H. Allen was incarcerated for the remaining 25 days of his 30-day sentence.

V. Florence Allen now petitions in this Court for a writ of habeas corpus on behalf of her husband William H. Allen, alleging that he has unsuccessfully exhausted his state remedies. This Court need not decide if in fact all avenues to state review are closed because, even assuming an exhaustion of state remedies, an examination of the petitioner's file conclusively shows that her husband is not entitled to relief. ·

■ Petitioner and her attorney appear to be unaware that the federal court has no duty to second guess the intentions of habeas corpus petitioners. One who alleges a denial of constitutional rights has a duty to clearly present his arguments to the court with such facts as are necessary to insure the court's understanding. *Nail v. Slayton*, 353 F.Supp. 1013 (W.D.Va. 1972). It is unclear from the petition exactly what constitutional infirmities the petitioner purports to be complaining of.

■ It appears that the petitioner questions the constitutional validity of chapter 212, section 14B of the Massachusetts General Laws under which District Court judges may temporarily sit on the Superior Court. If, indeed, this is petitioner's argument, she must fail.

The framers of the Massachusetts Constitution created the Supreme Judicial Court and directed the legislature to create such subordinate courts as it deemed necessary. Mass.Const. Pt. 2, c. 1, § 1, Art. 3. The district and superior courts are, therefore, creatures of the legislature and the jurisdiction they exercise is within legislative control. The only limitations on that control are that all judges be appointed by the Governor and confirmed by the Council, Mass.Const. Pt. 2, c. 2, § 1, Art. 9, and have tenure of office during good behavior. Mass.Const. Pt. 2, c. 3, Art. 1.

The Massachusetts court has construed the statute in question as a redesignation of duties and not a commission or appointment. In *Commonwealth v. Leach*, 246 Mass. 464, 141 N.E. 301 (1923), the court held "the effect of these provisions is to enlarge by the Legislature the territorial jurisdiction of the several judges and to provide for its exercise in some appropriate way. This constitutes no invasion of the constitutional powers of the executive department of the government. It is a redistribution of some of the existing judicial powers."

■ Petitioner also appears to be alleging that the January 13 judgment of the Superior Court, which is attached to her complaint, was vague, uncertain, overbroad and void. Having in mind that habeas corpus relief is only available where one has been deprived of a constitutional right, *Smith v. Prasse*, 277 F.Supp. 391 (E.D.Pa. 1967), I rule that petitioner's conclusory allegations are not supported by reference to the judgment and do not rise to the constitutional level required for habeas corpus relief. Furthermore, on August 8, 1978 Mr. Allen stipulated that he would comply with that court order. By so doing he impliedly recognized its validity.

Additional grounds apparently intended to be set forth by the petitioner include the insufficiency of the evidence at trial and petitioner's misunderstanding of the August 8 stipulation. Petitioner is not entitled to relief on either of these non-constitutional grounds.

■ Insufficiency of evidence at a state court proceeding is not properly considered on a petition for writ of habeas corpus unless there is "such a void of evidentiary support as to amount to a denial of due process." *Grieco v. Meachum*, 533 F.2d 713, 721 (1st Cir.), *cert. denied sub nom. Cassesso v. Meachum*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976). Petitioner does not allege such a void nor does she allege facts which would lead one to suspect a constitutional violation.

■ Finally, petitioner's alleged failure to understand the August stipulation is no basis for the issuance of a writ. The petitioner is not the person being held in contempt and even if she were, reference to a copy of the stipulation attached to the petition shows that its terms are clear from its face.

Examination of petitioner's file and numerous attached exhibits has failed to show any argument which would entitle her husband to relief. The court in considering the conclusory allegations and cryptic references of the petition has attempted to isolate therefrom any portion which might be interpreted to afford a constitutional basis for this Court's action. In so doing it has found no allegations on the basis of which petitioner should be granted a hearing. Consequently, I rule that a fair reading of this petition conclusively shows that the petitioner is not entitled to relief.