875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Dale VEACH, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Kentucky State Reformatory, Respondent-Appellee.
 No. 88-6065.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner requests the appointment of counsel in his appeal from the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Dale Veach challenged his jury conviction for first degree robbery for which he was sentenced to serve twenty years' imprisonment. In his petition he claimed five trial errors: (1) the case was reopened after the jury received its instructions so that a witness could answer a question from a juror; (2) the indictment was amended immediately prior to trial; (3) the conviction was based on an in-court identification tainted by an impermissible out-of-court show-up; (4) during cross-examination, the prosecutor commented on matters not in evidence, and (5) irrelevant materials were admitted as evidence.
 
 
 3
 The magistrate determined that Veach failed to demonstrate constitutional error and recommended that the petition should be denied. Upon de novo review in light of Veach's objections, the district court adopted the magistrate's report as its own and dismissed the petition.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by denying the petition for writ of habeas corpus.
 
 
 5
 First, the recalling of a witness after the jury received instructions is not reviewable in a petition for federal habeas relief because this is purely a matter of state law on which the state's highest court has ruled. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam).
 
 
 6
 Second, late amendment of the indictment did not deny petitioner his right to a fundamentally fair trial because the change merely corrected a misdescription of the victim's name. See Dye v. Sacks, 279 F.2d 834, 837 (6th Cir.1960).
 
 
 7
 Third, under the "totality of the circumstances" criteria, the district court correctly found the in-court identification was reliable. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 8
 Fourth, the allegation of improper questioning on cross-examination is insufficient to warrant habeas relief. Habeas relief is not available unless the prosecutorial misconduct was so egregious as to deny petitioner a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Martin v. Foltz, 773 F.2d 711, 716 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 9
 Fifth, the alleged evidentiary errors do not provide grounds for granting a writ of habeas corpus. See Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 108 S.Ct. 509 (1987). Contrary to Veach's assertions, the proximity of the items and their similarity to items used by the robber created a factual issue as to whether they were used by Veach in perpetrating the crime. Introduction of these items at trial did not deny Veach his constitutional rights.
 
 
 10
 Accordingly, the request for appointment of counsel is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.